FLORENCE STRIPP, PLAINTIFF-APPELLEE, v. UNITED CASUALTY COMPANY, A CORPORATION, DEFENDANT-APPELLANT.

Submitted October 3, 1939—Decided April 1, 1940.

Before Justices TRENCHARD, CASE and HEHER.

For the plaintiff-appellee, *Sidney C. Swirsky* (*Abraham L. Friedman*, of counsel).

For the defendant-appellant, *Sarbone & Sarbone*.

PER CURIAM.

Plaintiff brought this suit in the District Court against defendant to recover hospital and surgical expenses pursuant to a policy of insurance issued by the defendant to her.

The testimony as disclosed by the state of the case tends to show, among others, the following matters of fact:

On September 13th, 1938, plaintiff signed the application for a policy. As a result there was issued to her by defendant a policy dated September 17th, 1938. Plaintiff also requested the issuance of the surgical rider, but because the agent did not then know whether such a rider was available, the rider was not issued until October 13th, 1938. On the evening of November 23d, 1938, plaintiff complained of pains in the lower right side of her abdomen, and she visited Dr. Brown, who diagnosed it as acute appendicitis. She went to the hospital the next day; was operated upon the following day and her appendix removed. There is no dispute that if plaintiff is entitled to recover, the amount is $140 plus interest. The defendant insurance company having refused to pay the claim, plaintiff brought this suit, and the District Court judge, sitting without a jury, rendered judgment in her favor in that amount, and defendant appeals.

We now deal with the points made in the defendant's brief which seem to be based upon grounds of appeal.

We believe that the conclusion of the trial judge that the sickness was contracted after the policy was in force for more than thirty days, was amply supported by the evidence.

The policy insured "against loss due to expense of Hospital residence * * * necessitated by sickness which is contracted and begins while this policy is in force and after it

has been maintained in continuous force for not less than thirty consecutive days from its date." As we have pointed out, this policy was dated September 13th, 1938, and therefore the coverage began October 13th, 1938. Plaintiff felt severe pains on November 23d, 1938, and "she had never felt *such* pains before." Dr. Brown, plaintiff's family physician, testified that "I diagnosed it as *acute* [appendicitis]. That is why I operated on her so soon," and this opinion was confirmed by the medical expert for the plaintiff.

Considered in the light most favorable to the appellant, it is apparent that there was presented to the trial judge conflicting testimony upon which to make his findings, and those findings have been made in favor of the plaintiff, this court will not disturb them. *Parnes* v. *Massachusetts Bonding and Insurance Co.* (*Supreme Court,* 1938), 120 *N. J. L.* 517.

Also we think that the operation necessitated by plaintiff's illness was covered by the terms of the surgical rider. The surgical rider provides that "* * * subject to all the terms, conditions and provisions of said policy. (1) Should the Insured sustain injury or contract sickness *covered by said policy* * * *."

Appellant argues that as the policy, dated September 17th, 1938, did not cover illness unless contracted after the policy has been in force for thirty days from its date, so, because the surgical rider dated October 13th, 1938, was "subject to all the terms, conditions and provisions of said policy" therefore it did not take effect until thirty days later. But that would be a forced and unwarranted construction. The true meaning of the rider as stated therein was that the rider applied where the sickness was "covered by said policy." Under the conflicting testimony it was clearly open to the judge to find that plaintiff's sickness was contracted after November 13th, and the judge having found for the plaintiff generally, must have so found.

Also the trial court did not err in finding that the plaintiff, in the application, had made no fraudulent representation as to the state of her health.

The following appears in her application: "5. Are you now in good health and free from mental or physical impair-

ment or deformity? Yes. Have you had any sickness or injury * * * in the past five years? No."

The trial judge was justified in finding that plaintiff's *bona fide* belief was that she was then and had been in good health for the period covered by the question.

The testimony was that the plaintiff (age twenty-six at the time of trial) had married four years before; that in February, 1937, she was getting stout and thought that she might be pregnant, so she visited Dr. Brown who told her she was not pregnant; that at that time she mentioned the pains which she had had for the past ten years during her menstrual periods and which Dr. Brown termed the "usual pains that occur with menstrual disturbances." A year later, in April, 1938, plaintiff again thought that she might be pregnant and again visited Dr. Brown for the purpose of finding that out, and again he merely told her that she was not pregnant.

Questions of this type have been held recently by our Court of Errors and Appeals to call only for a *bona fide* reply, and such a reply will justify a judgment in favor of the insured. Thus in *Shapiro* v. *Metropolitan Life Insurance Co.* (*Chancery*, 1932), 110 *N. J. Eq.* 287, Vice-Chancellor Bigelow decreed against the insurance company, saying, that when the insured stated (mistakenly, as it turned out) that his health was good and that he had never been sick "he probably believed that he was speaking the truth. He was up and about his business every day; there is no evidence that he knew the true state of his health." The insurance company then appealed to the Court of Errors and Appeals, and that court affirmed the decree, and the language used by the court in the opinion is a binding precedent in plaintiff-appellee's favor on this point in the present case. *Shapiro* v. *Metropolitan Life Insurance Co.* (*Court of Errors and Appeals*, 1933), 114 *N. J. Eq.* 378, 381. Therein it was said: "The questions relating to the state of insured's health * * * necessarily were directed to insured's knowledge only. They sought to probe the insured's mind; and if he answered truthfully to the full extent of his knowledge there was, necessarily, no false representation. The question called

only for the facts within the insured's knowledge and his *bona fide* belief and opinion * * *. *It is essential only that the applicant, in making the statement that he was in good health, had reason to, and did believe that that was the state of his health.*"

Also the trial court did not err in finding that the plaintiff, in the application, had made no fraudulent representation as to having received any medical or surgical advice in the five years prior thereto.

The application contains the following: "Have you * * * received any medical or surgical advice or treatment in the past five years? No."

This point is quite analogous to the last preceding one, and the reason why plaintiff visited Dr. Brown is there set forth. The further testimony by Dr. Brown is: "*Q*. You never rendered any medical advice or treatment to her prior to November 23d, 1938, did you, doctor? *A*. I never gave her any advice or treatment for any diseased condition. I simply told her to reduce her feeding if she wanted to reduce her weight." This was corroborative of the plaintiff's testimony and was accepted by the court as true.

As on the last point, so on this point the case of *Shapiro* v. *Metropolitan Life Insurance Co., supra,* is a binding precedent. There the doctor said that "he might have told him to stop smoking" and the decree against the insurance company was affirmed by the Court of Errors and Appeals.

The most recent reported decision in point was decided by this court on August 14th, 1939, *Batts* v. *Eastern Mutual Life Corp.,* 123 *N. J. L.* 121, 122, and was to like effect.

It seems clear from the foregoing recent decisions that the trial court did not err in finding for the plaintiff.

We believe the authorities cited in the appellant's brief are not to the contrary. There the insured made numerous visits to doctors who prescribed for various ailments, and the answers in the applications could not be regarded as being made in good faith.

The judgment below will be affirmed, with costs.